NAYLOR *v.* ILLINOIS BANKERS LIFE ASSURANCE COMPANY.

4-5703                                    134 S. W. 2d 13

Opinion delivered December 11, 1939.

*Byron Bogard* and *Milton McLees,* for appellant.

*L. W. Melburg* and *Rose, Loughborough, Dobyns & House,* for appellee.

HUMPHREYS, J. This suit was brought by appellant against appellee on September 15, 1938, in the circuit court of Pulaski county, Second Division, to recover $1,068.04 paid by appellant as premium on a life insurance policy No. 120611, which was issued to him by the Illinois Bankers Life Association on March 15, 1921, which policy was later assumed by the Illinois Bankers Life Assurance Company, the appellee herein, which policy was wrongfully forfeited by appellee for failure to pay the premium due April 1, 1938. Appellant alleged that on April 27, 1938, he mailed appellee a check drawn on the Peoples National Bank of Little Rock, drawn by R. C. Naylor as manager of the Capitol Rewinding Co., and indorsed by appellant to appellee in payment of the premium due April 1, 1938; that appellee received said check at its home office April 29, 1938, and immediately accepted the same in lieu of cash and treated the same as cash in payment of the premium; that appellee accepted checks "conditionally and for collection only," but, in violation of such custom on which appellant relied, failed to so handle said check and by its own act in failing so to do prevented the same from being paid and was estopped to declare a forfeiture of the policy; that on May 11, 1938, appellee notified appellant said check had not been paid and that the policy had lapsed; that appellant immediately forwarded a U. S. Post Office Money Order to cover said check, the same being rejected; that appellant on July 25, 1938, forwarded a cashier's check to cover such premium which appellee likewise rejected; that appellee wrongfully canceled the contract of insur-

ance and appellant is entitled to recover as damages the premiums he had paid.

Appellee filed an answer denying that it accepted the check in lieu of cash as premium payment, but stating that it accepted the check on condition that it would be treated as a cash payment if paid when presented to the drawee bank, and admitting that it notified appellant that said check had not been paid by drawee bank and that policy had lapsed as of April 1, 1938, because the premium was not paid when due, and admitting that the money order sent to take up the check which had not been paid was rejected by it because not tendered in time for payment of premium and admitting that it rejected the cashier's check in July, 1938, for the reason that the policy had lapsed under its terms for failure to pay the premium due April 1, 1938. For further answer, appellee stated that a failure to pay premiums rendered the policy null and void under the terms thereof and that, although the policy permitted an insured to pay the premium due within a grace period of thirty days, same was not paid. Appellee also stated by way of answer that it mailed appellant a notice of the premium due April 1, 1938, as follows:

"Remittance by check, bank draft or money order will be considered payment of any amount due, provided such check, draft or money order is actually paid to the company on presentation in due course of business; and the issuance of a receipt for such check, draft or money order shall not constitute a waiver of this provision."

The answer further asserted that upon receipt of check mailed by appellant within the grace period same was duly deposited for collection, but was returned to appellee May 11, unpaid because of "insufficient funds"; that when the check was received to cover the premium due April 1, 1938, it mailed a receipt to appellant as follows: "On account of the universal use of checks we are glad to accomodate our members by receiving such from them, but it must be understood that the check is received not in payment of the premiums, but conditionally and for collection only, and this receipt operates as such

only in case the check is paid when presented, and if not so paid the check is void and of no effect;" that under the provisions of the policy appellant further stated that when the payee bank refused to pay the check and returned same to it the policy lapsed, and it rightfully declared same forfeited and that it offered under the terms of the policy to reinstate appellant upon the payment of all premiums and evidence furnished to it of insurability of appellant, but that appellant declined to furnish such proof.

The cause was submitted upon the pleadings and testimony introduced by the parties at the conclusion of which the court directed a verdict for appellee upon which the court rendered judgment that appellant have and recover nothing from appellee upon his complaint and that appellant pay the costs, over the objections and exceptions of appellant.

An appeal has been duly prosecuted to this court from the verdict and judgment rendered in the cause.

There is practically no dispute in the evidence. It shows that under the policy the premiums might be paid within thirty days after they should become due or, succinctly stated, that the insured might have thirty days grace in which to pay the premium which was due April 1, 1938; that on April 27, 1938, he mailed a check to appellee which it received on April 29, 1938, and upon the receipt thereof mailed to appellant the following receipt: "On account of the universal use of checks we are glad to accommodate our members by receiving such from them, but it must be understood that the check is received not in payment of the premiums but conditionally and for collection only, and this receipt operates as such only in case the check is paid when presented, and if not so paid this check is void and of no effect." It appears from the record that when the check was presented to the drawee bank payment was refused because of "insufficient funds" to pay same. The check was returned to appellee and upon the receipt thereof it immediately notified appellant that the policy had lapsed under the provisions thereof and suggested to appellant

that he make application to be reinstated and sent forms for that purpose calling his attention to the fact that he must produce evidence of insurability and that he must pay back premiums before he could be reinstated. Appellant declined to make such proof.

We think the receipt on its face was notice to appellant that the check was accepted on condition that it be paid when presented to the drawee bank, and was not received and accepted by appellee in payment of the premium. This court said in the case of *National Life Co.,* v. *Brennecke,* 195 Ark. 1088, 115 S. W.. 2d 855 that: ''The company could have advised the insured that the check was accepted conditionally, that is, for collection only; but it did not do so. If it had advised the insured that the check was being accepted in payment only on the condition of its being honored when presented for payment, then, of course, the premium could not have been regarded as paid. On the contrary, as stated, it issued its regular receipt, advising the insured that the premium had been paid within the time prescribed by the policy.''

The receipt issued to appellant by appellee when the check was received is practically in the language of this court quoted above, and it must, therefore, be treated as a conditional acceptance of the check in payment and not as an absolute payment of the premium due April 1, 1938, within the grace period. This court decided in the case of *Hare* v. *Illinois Bankers Life Assurance Co.,* 199 Ark. 27, 132 S. W. 2d 824, that (quoting syllabus 3):

''Where the insured sent a worthless check in payment of quarterly premium, and the company accepted such check and sent a conditional receipt informing the insured that the acknowledgment was void unless the check should be paid on presentation, *held* that the company was not bound to accept a cashier's check in substitution of the dishonored check, the cashier's check having been received at the home office approximately two weeks after the period of grace had expired.''

We have concluded that the court correctly directed the jury to return a verdict for appellee under the un-

disputed facts in this record and for that reason the judgment is affirmed.